PER CURIAM.
The Department of Children and Families (DCF) appeals an order that disapproved its prospective adoptive placement for C.R. and M.R., arguing that the trial court exceeded its jurisdiction by conducting a broader review of the appropriateness of the placement of the children than is permitted under section 39.812(4), Florida Statutes (2002). We disagree and affirm.
*689 DCF’s argument is premised, in large part, upon the dissent in Department of Children & Family Services v. J.C., 847 So.2d 487 (Fla. 3d DCA 2002), wherein Judge Sorondo stated “that the trial court’s review of the appropriateness of the child’s adoptive placement is limited to a determination of whether the selection has been made in a manner consistent with the Department’s own internal policies, and not in an arbitrary or capricious manner.” Id. at 495. DCF also relies upon section 39.521(4), Florida Statutes (2002), which gives it the authority “to determine where and with whom the child shall live.” It argues that the court, by balancing the risk of harm of removing the children from their current placement, against the status quo, and by considering the children’s best interests, went far beyond the inquiry permitted under section 39.812(4).[1] And by disapproving the prospective adoptive placement, the court impermissibly substituted its judgment for that of the agency in determining where and with whom the children should live.
In our judgment, if we were to adopt DCF’s argument, the review power granted to the courts by section 39.812(4) would be rendered meaningless. We agree with the majority’s observation in J.C., 847 So.2d at 490, that “[t]he language of Section 39.812(4) is clear and must be given its plain and ordinary meaning!,]” and “provides express statutory authority for the trial court to exercise judicial review of the appropriateness of adoptive placement.” DCF’s argument also fails to acknowledge that the first stated goal of chapter 39, Florida Statutes, is “to provide for the care, safety, and protection of children in an environment that fosters healthy social, emotional, intellectual, and physical development; to ensure secure and safe custody; and to promote the health and well-being of all children under the state’s care.” § 39.001(l)(a), Fla. Stat. (2002). We therefore follow J.C. and hold that the trial court did not exceed its jurisdiction by considering the children’s best interests and balancing the risk of harm when it reviewed the appropriateness of the prospective adoptive placement.
In so concluding, we distinguish cases such as Department of Children & Families v. Adoption of B.G.J., 819 So.2d 984 (Fla. 4th DCA 2002), and C.S. v. S.H., 671 So.2d 260 (Fla. 4th DCA 1996), because they involve reversals of trial court orders that approved adoption petitions filed by persons other than those whom DCF had recommended for the adoptive placements. As such, they pertained to situations in which DCF’s chosen placement was overruled by the trial courts, which then substituted their judgment on the issue of where and with whom the child should be placed. Although the trial court in this case did reject DCF’s approved adoptive placement, it did so upon a finding that it was not appropriate and not in the children’s best interests, and, more to the point, the court did not direct that the children be placed in the custody of someone whom DCF had disapproved.
On the merits, because there is competent, substantial evidence to support the trial court’s findings that the prospective *690 adoptive placement was not appropriate or in the best interests of the children, we AFFIRM.
ERVIN, ALLEN and LEWIS, JJ., CONCUR.

. Section 39.812(4) provides:
The court shall retain jurisdiction over any child placed in the custody of the department until the child is adopted. After custody of a child for subsequent adoption has been given to the department, the court has jurisdiction for the purpose of reviewing the status of the child and the progress being made toward permanent adoptive placement. As part of this continuing jurisdiction, for good cause shown by the guardian ad litem for the child, the court may review the appropriateness of the adoptive placement of the child.
(Emphasis added.)